UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRANDON SCHIEFEL,

Plaintiff,

v.

KIMBERLY NAPIER, *et al.*,

Defendants.
__________________________________/

Case No. 2:26-cv-10120

District Judge Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**ORDER DENYING REQUEST FOR 30-DAY STAY (ECF NO. 39) AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR EXTENSION (ECF NO. 46)**

Plaintiff's motion requesting a 30-day stay (ECF No. 39) is based on his fears of the prison facility in which he was housed withholding "critical documents[,]" yet indicates that, upon his release (which has now occurred, per ECF Nos. 45 & 46) he "will [then] be in full control of my mail and ability to litigate." Since his release has now occurred, the motion is **DENIED AS MOOT**.

Plaintiff has also filed a letter (ECF No. 46) complaining that there is a motion for summary judgment pending but there has not been any discovery and "requesting an extension for discovery purposes because I was in limbo of sorts and unable to properly obtain discovery." (*Id.*, PageID.664.) He also claims that, "I have not received any correspondence from the courts regarding this upcoming motion for summary judgment." (*Id*, PageID.663.) Preliminarily, although the

Court chooses to treat this letter as a motion, Plaintiff is warned, as stated in my Practice Guidelines, that, "The Court does not give legal advice to either side and expects that pleadings and motions will be in appropriate form. Letters to the Court are neither pleadings nor motions and will be stricken." No additional letters will be accepted. In any event, the motion (ECF No 46) is **GRANTED IN PART** and **DENIED IN PART**. The discovery period in this case has not begun since the Court has not had a Rule 16 conference or issued a scheduling order, pending preliminary dispositive motion practice, and discovery is not necessary to respond to the pending dispositive motion, since it is based on a failure to exhaust administrative remedies through the prison grievance process. (*See* ECF No. 42.) Plaintiff has not shown otherwise. Therefore, the request to extend for discovery purposes is **DENIED**; however, in light of Plaintiff's recent release from prison and the possibility that items sent to him by the Court and/or by Defendants through two address changes (ECF Nos. 44 & 45) were not received, Defendants are **ORDERED** to re-serve ECF No. 42 on Plaintiff at his new address and Plaintiff is **GRANTED** an extension of the deadline for responding to that motion to **September 25, 2026**.

It is **SO ORDERED**.

Dated: August 5, 2026

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE